UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRANDEN ZAHNLE,

    Plaintiff,

vs.                                      Case No. 3:15-cv-1117-J-MCR

CAROLYN W. COLVIN, Commissioner of
the Social Security Administration,

    Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for a period of disability and Disability Insurance Benefits. Plaintiff filed his application on February 19, 2013, alleging disability as of June 17, 2004. (Tr. 19, 267-69.) These claims were denied initially by an Administrative Law Judge ("ALJ") on August 27, 2014 (Tr. 109-24), but the decision was reversed on September 16, 2014, by the Appeals Council. (Tr. 126-28.) Following remand, a second hearing was held in front of the ALJ on February 17, 2015. (Tr. 33-65.) On February 24, 2015, the ALJ issued a decision finding Plaintiff was not disabled. (Tr. 14-32.) Plaintiff exhausted his administrative remedies. The Court has reviewed the record, the briefs and applicable law. For the reasons set forth herein, the Commissioner's decision is

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 8.)

due to be **REVERSED and REMANDED.**

## I. Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

Plaintiff raises three issues on appeal. First, Plaintiff argues that the ALJ

failed to provide substantial evidence that plaintiff's allegations were not entirely credible.  Second, Plaintiff argues that the ALJ erred by not placing enough weight on the medical evidence from the Department of Veterans Affairs (the "VA").  Finally, Plaintiff argues that the ALJ failed to provide substantial evidence that Plaintiff could perform other work and was not disabled.

### A. The ALJ's Decision

In the instant case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of June 17, 2004.  (Tr. 19.)  The ALJ further found that Plaintiff has the following severe impairments: status post multiple fractures, balance deficits, a disorder of the hips, a disorder of the knees, and an anxiety disorder with posttraumatic stress disorder.  (*Id.*)  However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404 Subpart P, Appendix 1.  (Tr. 20.)

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b).  (Tr. 21.)  The ALJ further found Plaintiff restricted to: avoiding ladders and unprotected heights, avoiding operation of heavy moving machinery, obtaining a low stress position with no production lines, performing simple tasks, avoiding contact with the public and coworkers, occasionally bending, crouching, kneeling, stooping, squatting, and crawling, and avoiding the operation of arm and foot controls.  (*Id.*)  The ALJ

concluded from these findings that, although plaintiff has severe mental and physical impairments, his demonstrated ability to function independently is consistent with a finding he is able to work within the confines of the RFC and additional limitations assigned to him.  (Tr. 24-26.)

### B.    The ALJ Failed To Properly Consider The VA's Decision

Plaintiff argues that the ALJ did not properly or adequately take into account the decision and basis for the VA's disability rating. The undersigned agrees.  It is important to note that the Appeals Council previously remanded the prior decision based on the ALJ's failure to sufficiently consider the VA's findings. (Tr. 127-28.)  In this instance, the ALJ listed the disability ratings by the VA, but found the ratings to be "only partially credible" because of Plaintiff's "demonstrated ability to begin attending college," and Plaintiff's "various activities of daily living."  (Tr. 24.)

The findings of another agency, although not binding on the Commissioner, are entitled to great weight.  *Falcon v. Heckler*, 732 F.2d 827, 831 (11th Cir. 1984); *Bloodsworth v. Heckler*, 703 F.2d 1233. 1241 (11th Cir. 1983).  According to the Eleventh Circuit, this includes the decision and disability ratings of the VA. *Hacia v. Comm'r of Soc. Sec.*, 601 Fed. App'x 783, 785-86 (11th Cir. 2015). While the Eleventh Circuit does not require the ALJ to quantify numerically the exact weight given to a VA disability determination, the ALJ has a duty to sufficiently explain "the weight accorded to each item of evidence" and the

reasons for those decisions to enable a reviewing court to determine whether the ultimate decision is based on substantial evidence.  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 2010).

Here, it is unclear as to what weight the ALJ gave to the disability determination issued by the VA.  (Tr. 17-27.)  Although the ALJ stated that the decision is "only partially credible," he failed to meaningfully consider and address what parts of the VA disability determination he credited versus those he did not.  Nevertheless, the undersigned finds that the ALJ failed to carefully scrutinize the VA disability determination as required and that substantial evidence does not support the ALJ's opinion in this regard.

The ALJ found the VA disability determination "only partially credible" because of Plaintiff's "demonstrated ability to begin attending college and obtain a Bachelor of Arts degree," and Plaintiff's "activities of daily living."  Without any further discussion, it is unclear to the undersigned how these reasons provide only partial credibility to the VA's disability decision in the first instance.  Nevertheless, Plaintiff testified that he began college in 2006 and it took him seven (7) years to complete his Bachelor of Arts degree.  (Tr. 37, 81.)  Moreover, Plaintiff testified that he did not attend classes on a full-time basis, took several semesters off, and limited his classes due to his impairments.  (Tr. 81-82.)  This testimony, at the very least, appears not inconsistent with the VA's determination and the ALJ failed to refute or discuss such testimony.  Similarly, the ALJ's

reference to Plaintiff performing minimal daily activities does not indicate a lack of credibility on the part of the VA's decision.  *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997) (stating that participation in everyday activities is not enough to discredit a claimant); *Haugen v. Astrue,* 497 F. Supp. 1315, 1327 (N.D. Ala. 2007) (finding that the ability to perform the limited activities noted by the ALJ does not rule out the presence of disabling pain. The ability to watch television, do occasional shopping, or perform other sporadic activities does not mean the plaintiff is not disabled); *Early v. Astrue*, 481 F. Supp.2d 1233, 1239 (N.D. Ala. 2007) (finding that statutory disability does not mean that a claimant must be a quadriplegic or amputee that must be secluded to a dark room); *Bennett v. Barnhart*, 288 F. Supp. 2d 1246, 1252 (N.D. Ala. 2003) (finding that the ability to perform at work for an extended and routine basis is the pressing issue, not if the Plaintiff can perform household chores or drive short distances).

Conspicuously absent from the decision is any discussion by the ALJ of the merits of the VA's disability rating.  *See, e.g., Burch-Mack v. Comm'r of Soc. Sec.*, Case No.: 8:15-cv-1167-T-JSS, 2016 WL 4087477 at *4 (M.D. Fla. Aug. 2, 2016) ("Although the ALJ's decision indicates that he considered the conditions identified in the VA's rating (including PTSD, syncope, and migraine headaches) and the medical evidence submitted to the VA, the ALJ did not specifically address the merits of the VA's disability rating.") (citing *Williams v. Barnhart*, 180 F. App'x 902, 902 (11th Cir. 2006) ("While we recognize that the ALJ's prior

decision addressed at some length [the claimant's] VA medical evidence, nonetheless, in its decision the ALJ should specifically also consider and address the VA's Rating Decision itself.")). The Appeals Council specifically instructed the ALJ on remand to further consider the VA's disability determination and the corresponding treatment notes. (Tr. 127.) However, other than merely listing the individual impairment ratings prescribed by the VA, the ALJ failed to discuss the merits of the VA's decision or the medical evidence associated therewith. *See, Burch-Mack*, 2016 WL 4087477 at *4 ("[T]he ALJ's decision merely recites the conditions and percentages included in the VA's letter summarizing the VA's rating and offers no analysis of the VA's decision.") (internal citation omitted).

Further, although reasons to reject the VA's disability decision may exist, the Court cannot affirm simply because some rationale might have supported the ALJ's conclusion. *See Owens v. Heckler*, 748 F. 2d 1511, 1516 (11 Cir. 1984) ("We decline . . . to affirm simply because some rationale might have supported the ALJ's conclusion."). Therefore, this case will be reversed and remanded with instructions to the ALJ to reconsider the VA's disability determination, to explain what weight it is being accorded, and the reasons therefor. If the ALJ rejects any portion of this decision, he must clearly articulate and explain his reasons for doing so. In light of this conclusion and the possible change in the RFC, the Court need not address Plaintiff's remaining arguments. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *Freese v. Astrue*, 2008

WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008); *see also Demenech v. Sec'y of the Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam). However, on remand, the ALJ should also be directed to re-consider Plaintiff's subjective complaints of pain and to conduct any further proceedings deemed appropriate.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the ALJ to: (a) reconsider the VA's disability determination and provide specific reasons why the ALJ did not afford it great weight; (b) reconsider Plaintiff's subjective complaints of pain; and, (c) conduct any further proceedings deemed appropriate.

2. Plaintiff's counsel is advised that, in the event benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in Case No.: 6:12-124-Orl-22 (*In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*).

3. The clerk of Court is directed to enter judgment accordingly and close the file.

**DONE AND ENTERED** as Jacksonville, Florida, on August 23, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record